UNITED STATES DISTRICT COURT       O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LUIS GUTIERREZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. M-12-266 |
| | § | |
| LA JOYA INDEPENDENT SCHOOL DISTRICT, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the Court is "Plaintiffs' Motion to Remand"[1] filed by Plaintiffs Luis Gutierrez, Imelda Marez, Veronica Mendoza, Rodolfo Pena, and Criselda Ortiz (collectively, "Plaintiffs"). After considering the motion, response, reply, and relevant authorities, the Court **GRANTS** the motion.

    **I. Background**

The pre-removal procedural history bears on the Court's analysis and warrants a relatively detailed recitation. On April 20, 2012, Plaintiffs filed suit in state court against the following defendants: (1) La Joya Independent School District ("LJISD" or "District"); (2) Adriana Villareal, Ricardo Villarreal, Irene M. Garcia, Alfredo Andres Vela, Alfredo Avalos Vela, Marcos Hernandez, Gerardo Perez, Reynaldo Cedillo, Daniel Garza, and Felipe Del Angel, all in their individual capacities; and (3) Ismael "Kino" Flores ("Flores" or "Independent District Defendant").[2]

---

[1] Dkt. No. 9.
[2] Dkt. No. 8, Attach. 3.

In their original complaint, Plaintiffs asserted employment-related claims including breach of contract, interference with contractual relations, and civil conspiracy; notably, the original petition did not implicate any federal statute.[3] In response, on April 30, 2012, all defendants filed a plea to the jurisdiction and original answer;[4] on May 3, 2012, the defendants amended the plea and answer to include a motion to dismiss.[5] On May 10, 2012, Plaintiffs filed their first amended petition, in which Plaintiffs alleged deprivation of their First Amendment freedom of speech and association, as applied to the states through the Fourteenth Amendment and made actionable by 42 U.S.C. § 1983.[6]

On May 11, 2012, the very next day, the Court granted Defendants Plea to the Jurisdiction and Motion to Dismiss.[7] Due to confusion about the claims to which the dismissal order pertained, the parties ultimately submitted an agreed order, which was entered by the state court on July 11, 2012.[8] The agreed order reinstated the § 1983 claims against all defendants.[9]

On August 10, 2012, LJISD filed its notice of removal and, the same day, filed a joinder of removal by which all named defendants except Ricardo Villarreal joined in the removal ("Defendants").[10] On September 4, 2012, Plaintiffs filed the instant motion to remand, asserting that removal was procedurally defective; the Court's consideration is further informed by the subsequently filed response and reply, filed on September 25, 2012, and October 29, 2012, respectively.[11]

---

[3] *Id*. at pp. 8-9.
[4] Dkt. No. 8, Attach. 4.
[5] Dkt. No. 8, Attach. 13.
[6] Dkt. No. 8, Attach. 23 at p. 10.
[7] Dkt. No. 8, Attach. 26.
[8] Dkt. No. 8, Attach. 33.
[9] *Id*.
[10] Dkt. Nos. 1 & 3.
[11] Dkt. Nos. 9, 14 & 21.

## II. Legal Standard

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress."[12]

Although neither party contests the Court's subject matter jurisdiction, the parties cannot confer jurisdiction by agreement or consent;[13] therefore, as an initial matter, the Court ensures its jurisdiction. Here, Defendants removed the case on the basis of federal question jurisdiction, as statutorily authorized by 28 U.S.C. §§ 1441, providing that removal jurisdiction results from original jurisdiction, and 1331, providing that original jurisdiction results from federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."[14] "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint."[15] Here, the claim under 42 U.S.C. § 1983 was clearly set forth in the amended complaint; at that point, the case became removable by incorporating a claim arising under federal law.[16]

---

[12] Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 292 (5th Cir. 2010) (quoting Epps v. Bexar–Medina–Atascosa Cnties. Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982)) (internal quotations omitted).

[13] Ziegler v. Champion Mortg. Co., 913 F.2d 228, 229 (5th Cir. 1990) (citing Sosna v. Iowa, 419 U.S. 393 (1975)).

[14] *See* Dkt. No. 1 at ¶ 3. *See also* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") & 1441(a) (authorizing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . .").

[15] Elam v. Kansas City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011). *See also* Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

[16] *See Merrell Dow*, 478 U.S. at 808 ("There is no single, precise definition of [federal question jurisdiction]; rather, the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system . . . . This much, however, is clear. The vast majority of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that a 'suit arises under the law that creates the cause of action.'") (internal quotations and citations omitted).

In addition to the burden of showing that federal jurisdiction exists, the removing party must also shoulder the burden of showing that removal was proper.[17] Removal procedure is outlined in 28 U.S.C. § 1446 and, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."[18] The Court emphasizes that the right to remove is purely statutory, and the statute contains no language granting discretion to the district courts in enforcing compliance with the statutory requirements.[19]

In turn, § 1447(c) impliedly authorizes remand for procedural noncompliance with the removal statute, where the noncompliance is timely raised by the opposing party;[20] failure to timely raise procedural defects in removal results in waiver of those defects.[21] In this regard, the Court notes that Plaintiffs have timely raised the procedural defects through their motion to remand;[22] as noted above, Defendants removed this action on August 10, 2012, and Plaintiffs filed the instant motion to remand on September 4, 2012, well within the thirty-day period.[23] As a result, any procedural defects raised in the motion are not waived.

Section 1446(b) sets forth the two procedural requirements which form the basis of Plaintiffs' motion to remand: first, the so-called "rule of unanimity," all defendants who are

---

[17] *See* Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988)).
[18] Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008).
[19] *See generally* 28 U.S.C. § 1446.
[20] *See* 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *See also* Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 516 (5th Cir.), *cert. denied*, 506 U.S. 999 (1992) (noting that "the word 'procedural' in section 1447(c) refers to 'any defect that does not go to the question of whether the case originally could have been brought in federal district court . . . .'") (citations omitted).
[21] *See* Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1543-44 (5th Cir. 1991) (holding that plaintiff's untimely motion to remand waived impropriety of removal under 28 U.S.C. § 1447(c)).
[22] Dkt. No. 9.
[23] *See* Dkt. Nos. 1 & 9.

properly joined and served must join in the removal petition;[24] second, each defendant may file a notice of consent within 30 days of service of the pleading giving rise to removability.[25] In the motion to remand, Plaintiffs assert that removal is noncompliant with both requirements because (1) Defendant Ricardo Villarreal ("Villarreal") has neither joined in, nor consented to, the removal and (2) Defendant Ismael "Kino" Flores did not timely consent to removal.

Although Plaintiffs have asserted two potential defects in the removal procedure, the Court emphasizes that either defect, if meritorious, is independently sufficient to warrant remand. The Court now proceeds to consider the merits of Plaintiffs' arguments as to Villarreal and, ultimately, whether remand is warranted.

### III. Consent by Ricardo Villarreal

It is undisputed that Defendant Ricardo Villarreal, identified in the amended state-court petition as the executive director of human resources, has not consented to removal.[26] Acknowledging the lack of consent by Villarreal, Defendants instead argue that removal was proper by urging that either of two exceptions to the rule of unanimity applies; alternatively, if the Court finds those exceptions inapplicable, Defendants assert that the consent by LJISD is a statutorily-adequate substitute for consent by Villarreal. The Court considers each argument in turn.

#### a. Improper Service

Defendants first put forth an exception for unserved defendants, based on Fifth Circuit precedent holding that a removing party need not obtain the consent of any defendants who have

---

[24] *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); Getty Oil Corp. v. Ins. Co. of North Amer., 841 F.2d 1254, 1262–63 (5th Cir. 1988) ("[A]ll defendants who are properly joined and served must join in the removal petition, and . . . failure to do so renders the petition defective.") (citations omitted).

[25] *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

[26] Dkt. No. 8, Attach. 23 at ¶ 5.6. *See also* Dkt. No. 14 (recognizing the lack of consent by Villarreal).

not been served at the time of removal.[27] Consistent with that exception, Defendants assert that removal did not require Villarreal's consent because he was not properly served with the amended petition which made the case removable.[28] In support of this point, Defendants direct the Court to the language of that amended petition, which states: "Defendant RICARDO VILLARREAL Individually is an individual residing in Hidalgo County, Texas. Service on this Defendant is not necessary at this time as this Defendant has been previously served and filed a responsive pleading herein."[29] Defendants posit that this language indicates Villarreal was not served with the pleading which gave rise to removability, creating a situation which would be closely analogous to that of *Jones v. Houston Independent School District*,[30] in which the Fifth Circuit held that the lack of removal-consent by an unserved defendant was not a bar to federal jurisdiction.[31] However, for the reasons expounded below, *Jones* is distinguishable from the instant facts because Villarreal received service of the amended complaint, unlike the non-consenting defendant in *Jones*.

As noted by Defendants in their response, "Amended pleadings do not need to be served on parties who have already filed petitions or answers in the case; service of the amended pleading needs only to comply with the requirement of Texas Rule of Civil Procedure 21 and 21a."[32] Rules 21 and 21a operate conjunctively, with the latter providing for different means of providing the service required by the former; together, those rules allow service of an amended pleading through service on a party's attorney of record.[33]

---

[27] *See* Jones v. Hous. Indep. School Dist., 979 F.2d 1004, 1007 (5th Cir. 1992).
[28] Dkt. No. 14 at ¶ 9.
[29] *Id*. (citing Dkt. No. 8, Attach. 23 at ¶ 4.9).
[30] 979 F.2d 1004 (5th. Cir. 1992).
[31] *Id.* at 1007.
[32] Dkt. No. 14 at ¶ 12.
[33] Tex. R. Civ. P. 21a ("Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21, other than the citation to be served upon the filing of a cause of

The Texas Rules further provide that an attorney may become an "attorney of record" by filing pleadings or appearing in open court on a party's behalf.[34] Within that procedural context, attorney Jaime Munoz was clearly the attorney of record for Villarreal at the time of service of the amended complaint. Prior to the amended petition, Jaime Munoz had made numerous filings on behalf of Villarreal,[35] the last of which was a mere seven days prior to service of the amended petition.[36] The amended petition contains a clear reflection of service on Jaime Munoz, both by fax and certified mail.[37] The simple fact that Villarreal was properly and formally served vitiates the related arguments by Defendants that process was informal and insufficient to trigger the removal period[38] and that service of process was required on Villarreal individually.[39]

As a result of the above considerations, the Court finds that Villarreal was properly served with the amended petition which gave rise to removability, and was thus a defendant whose consent was required by § 1446.

### b. *Fraudulent Joinder or Nominal Party*

Defendants assert an additional exception to the rule of unanimity: a removing party need not obtain the consent of an improperly or fraudulently joined party.[40] Although Plaintiffs assert in their reply that the doctrine of fraudulent joinder is not applicable in the federal-question

---

action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be. . . .").

[34] *See* Smith v. Smith, 241 S.W.3d 904, 907 (Tex. App.—Beaumont 2007) (citing TEX. R. CIV. P. 8, 120).

[35] *See* Dkt. No. 8, Attachs. 4 (Defendants' Plea to the Jurisdiction and Original Answer), 6 (Defendants' Response to Plaintiffs' Temporary Restraining Order, Awarding Sanction and Forfeiting Surety Bond), & 13 (Defendants' First Amended Plea to the Jurisdiction and Original Answer With a Motion to Dismiss).

[36] *See* Dkt. No. 8, Attach. 20 (Defendants' Second Amended Plea to the Jurisdiction, Motion to Dismiss as to the Employees Per the Texas CPRC and Original Answer).

[37] Dkt. No. 8, Attach. 23 at p. 16.

[38] *See* Dkt. No. 14 at ¶ 10. Although Defendants cite to *Murphy Bros. Inc., v. Machetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), for the proposition that service by fax is insufficient to trigger the removal period, the service by Plaintiffs to Jaime Munoz by certified mail is sufficient under Texas Rules of Civil Procedure.

[39] *See* Dkt. No. 14 at ¶ 11. Defendants describe at length the specific service requirements on a governmental officer sued in his individual capacity. However, the argument is unavailing here because service was made to Jaime Munoz, as the attorney of record for Villarreal *in his individual capacity*.

[40] *See* Dkt. No. 14 at ¶¶ 19 & 20. *See also Jernigan*, 989 F.2d at 815 (5th Cir. 1993).

context, the Fifth Circuit has applied the doctrine to narrow, federal-question circumstances.[41] More broadly, the Fifth Circuit has held that the nominal party doctrine, a closely-related exception to the rule of unanimity, is equally applicable to removals based on diversity or federal question jurisdiction.[42] Because both doctrines require the same analysis, the Court construes Defendants' argument as an assertion of the nominal party exception.

The Court approaches the nominal party determination by asking "whether, in the absence of [Villarreal], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff."[43] In *Farias v. Bexar County Board of Trustees*, the Fifth Circuit held that the nominal-party analysis ultimately dovetails with that of fraudulent-joinder, requiring the removing party to show that "there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court."[44]

Far from attempting to make the required showing, Defendants admit that Villarreal "is inextricably intertwined as a defendant with the other defendants. . . ."[45] Indeed, the facts of the case foreclose the required showing: the complaint clearly makes allegations against Villarreal that creates at least a possibility of establishing a §1983 cause of action in state court.[46]

---

[41] *See* Dkt. No. 21 at ¶ 14. *See also* McKay v. Boyd Const. Co., 769 F.2d 1084, 1087 (5th Cir. 1985), *abrogated on other grounds by* Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 386 (1998) (acknowledging that fraudulent joinder had only been applied previously in diversity cases but finding "no reason why a different rule would apply where codefendant's presence bars federal jurisdiction because of the eleventh amendment.").

[42] Farias v. Bexar County Bd. of Trs., 925 F.2d 866, 871-72 (5th Cir. 1991).

[43] Acosta v. Master Maintenance and Const. Inc., 452 F.3d 373, 379 (5th Cir. 2006) (quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am., 427 F.2d 325, 327 (5th Cir. 1970)).

[44] *Farias*, 925 F.2d at 871 (5th Cir. 1991).

[45] Dkt. No. 14 at ¶ 20.

[46] A plaintiff must prove the following elements to prevail in a § 1983 action: (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. *See* Mississippi Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989) (citing Flagg Brothers v. Brooks, 436 U.S. 149, 155 (1978)).

Defendants instead assert that Villarreal's consent should not be required because "he has unequivocally indicated that he is adverse to the District's interests" by filing a counterclaim against the district in the time between Plaintiffs' assertion of the § 1983 claim and removal.[47] As a result, Defendants argue, "it would be 'nonsensical' to allow a defendant with adverse interests of his co-defendant to bar removal with his non-consent."[48] The argument continues that "public policy and equitable considerations" should be allowed to eliminate the statutory requirements.

Because Defendants' argument misapprehends that "public policy" is embodied by the legislatively-enacted requirements of § 1446(b), it is unsurprising that Defendants offer absolutely no authority to support this argument, which the Court finds meritless.

### c. Consent by Proxy

As a second argument in the alternative, Defendants assert that removal complied with the statutory requirements "because the [La Joya Independent School] District consented on behalf of the non-consenting defendant."[49] In making this argument, Defendants apparently confuse the concepts of consent-by-agent with consent-by-co-defendant; only the former is an exception to the rule of unanimity.[50]

The distinction is clarified in *Getty Oil Corp. v. Ins. Co. of North America*.[51] In that case, the Fifth Circuit addressed an argument by the removing party that the removal was procedurally compliant, despite the untimely-filed consent of another defendant, because the notice of removal contained a statement by the removing party that the late-joining defendant had

---

[47] Dkt. No. 14 at ¶ 20.
[48] *Id*. The Court notes that this argument is related to fraudulent joinder only by utilizing the word "nonsensical," a word used by the Fifth Circuit in setting forth the fraudulent-joinder exception in *Jernigan*, *supra*.
[49] Dkt. No. 14 at ¶ 16.
[50] *See* fn. 53, *infra*.
[51] 841 F.2d 1254 (5th Cir. 1988).

consented to the removal. The *Getty Oil* Court rejected this argument and held that "there was no adequate allegation or showing of [the late-joining defendant]'s actual joinder in or consent to the original removal petition."[52] Here, both Plaintiffs and Defendants rely upon the same language from the *Getty Oil* decision to support their positions:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.[53]

In so holding, the *Getty Oil* Court set forth several requirements for proper consent to removal: (1) a timely filed written indication; (2) of actual consent by each served defendant; (3) by the defendant itself or another person or entity, so long as the latter purports to formally act to consent with authority from the defendant.

The instant removal fails every requirement, and Defendants' argument does not rehabilitate the removal. First and most importantly, Defendants do not even assert that Villarreal actually consented to the removal; as discussed above, Villarreal was properly served, and his consent to removal is required. Despite consistently referring to Villarreal as the "non-consenting defendant" and asserting that he "did not have to consent," Defendants assert that Villarreal should nonetheless be bound to the removal and this Court's authority.[54] Although the *Getty Oil* Court allowed that removal could reflect a defendant's actual consent through an authorized person or entity, the Court's holding emphasized the statutory requirement that the defendant "has actually consented to such action."[55] Under the Defendants' interpretation, mere consent by

---

[52] *Getty Oil Corp.,* 841 F.2d at p. 1262 n. 11.
[53] *Id.*
[54] *See* Dkt. No. 14 at ¶ 16.
[55] *Getty Oil Corp.,* 841 F.2d at p. 1262 n. 11.

a co-defendant, here LJISD, would satisfy the statutory requirement of consent by all properly served defendants, such as Villarreal; neither *Getty Oil* nor any other authority cited by Defendants supports this position.[56]

Though the lack of actual consent alone makes the removal glaringly noncompliant, the removal also fails to otherwise satisfy the requirements. Here, the removal petition lacks any "written indication" from LJISD that it was an "entity purporting to formally act on [Villarreal's] behalf."[57] Nowhere in the notice of removal, nor in the separately-filed "Joinder in Removal," does the district "purport" to be acting on Villarreal's behalf, either formally or by implication.[58]

### d.  *Defective Removal*

For the foregoing reasons, the Court finds that the consent of Villarreal was required for removal to comply with the rule of unanimity. Further, the Court finds that the Defendants' arguments in support of removal fail to rehabilitate the lack of procedural compliance with the removal statute. Because Villarreal's lack of consent warrants remand, the Court does not reach the Plaintiffs' arguments regarding Ismael "Kino" Flores.

---

[56] As support for the proposition that "[a] defendant whose liability insurer would be accountable for any judgment is considered the 'real party in interest,'" Defendants cite to *Balazik v. County of Dauphin*, 44 F.3d 209 (3d. Cir. 1995), in which the Third Circuit Court of Appeals does not even approach the proposition for which the decision is cited. Additionally, Defendants cite to *Hutto v. Finney*, but without providing any additional citation; the Court will not consider supporting authorities where the source of that authority is not properly identified.
[57] Dkt. No. 1.
[58] Dkt. Nos. 1 & 3. The Court emphasizes that the removal petition lacks even the "[removing defendant's] unsupported statement" of Villarreal's consent, of the type held by the *Getty Oil* Court to be insufficient to comply with the removal procedure. *See Getty Oil Corp.,* 841 F.2d at p. 1262 n. 11.

## IV. Conclusion

After considering the motion, response, reply, record and relevant authorities, the Court finds that Defendants have not met their burden of demonstrating that removal complied with 28 U.S.C. § 1446. As a result, the Court **GRANTS** the Motion to Remand. This case is remanded to 92nd Judicial District Court, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 8th day of November, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE